PER CURIAM.
We reverse the final judgment dated November 4, 2009, awarding damages in the amount of $100,000 plus interest to Carlos Alvarez and Brasero’s Restaurants International, LLC (the “plaintiffs”), because the promissory note upon which the judgment is based is unenforceable for lack of consideration. We affirm all other issues raised on appeal without further discussion.
The parties signed both a written “Operational and Administrative Agreement” (the “Operational Agreement”) and a Promissory Note (the “Note”) on December 2, 2004. In paragraph five of their complaint, the plaintiffs specifically alleged that the defendants had executed the Note “[i]n consideration” of the Operational Agreement. Thus, it is undisputed that the Operational Agreement was the sole consideration for the Note. Subsequently, pursuant to a counterclaim for declaratory judgment, the trial court declared that the Operational Agreement was void due to a lack of mutual assent. Neither party disputes this conclusion. Because the Operational Agreement is invalid and because that agreement was the sole consideration for the Note, the Note is unenforceable for lack of consideration. See § 673.3031(2), Fla. Stat. (2004) (“The drawer or maker of an instrument has a defense if the instrument is issued without consideration.”); § 673.3051(l)(b), Fla. Stat. (2004) (“[T]he right to enforce the obligation of a party to pay an instrument is subject to ... [a] defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract....”). Accordingly, the trial court erred in entering a final summary judgment in the plaintiffs’ favor on their claim for breach of the Note.

Reversed and remanded for further proceedings consistent with this opinion.

TAYLOR, CIKLIN and GERBER, JJ., concur.